CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
OCT 1 2 2011
JULIA C. DUDLEY, CLERK
BY: /s/ Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 6:05-cr-00038-1 |
| v. | MEMORANDUM OPINION |
| SHAWN D. CALLOWAY, | JUDGE NORMAN K. MOON |
| *Defendant.* | |

This matter comes before the Court on a *pro se* Motion for Sentencing Reduction filed by Shawn Calloway ("Defendant") pursuant to 18 U.S.C. § 3582(c)(2) in which he seeks a reduction in his sentence based on the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), and Amendment 750 of the United States Sentencing Guidelines (docket no. 42).[1] I have fully considered the arguments and authorities set forth in the parties' filings. For the following reasons, I will grant Defendant's motion.

## I. BACKGROUND

Defendant was indicted on December 8, 2005, and charged with multiple crack cocaine and firearms offenses (docket no. 3).[2] On March 29, 2006, pursuant to a plea agreement with the government, Defendant pled guilty to two offenses: (1) conspiracy to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 846; and (2) possession of a firearm in relation

---

[1] By Order entered on September 9, 2011, I notified the parties of Defendant's eligibility for a sentence reduction pursuant to Amendment 750 (docket no. 43). In an Order dated October 5, 2011, I appointed the Office of the Federal Public Defender to represent Defendant in this matter (docket no. 45).

[2] Defendant was later charged with additional counts in a superseding indictment; however, those additional charges are irrelevant for the purposes of the matter now before the Court.

to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (docket no. 26). The plea agreement stipulated a drug weight of five to twenty grams of cocaine base.

Under the drug weight table that was in effect at the time, Defendant's base offense level was 26, and his total offense level was 23 (three points were deducted for acceptance of responsibility). His criminal history category was IV, which resulted in a guideline range of 70 to 87 months. On June 16, 2006, I sentenced Defendant to 70 months plus an additional 60 months to run consecutively for the § 924(c) count for a total of 130 months (docket no. 31).

On September 18, 2007, the government moved to reduce Defendant's sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure (docket no. 33). On October 16, 2007, I granted the government's motion and ordered that Defendant's sentence be reduced by 36 months, from 130 to 94 months (34 months on the drug-related count and 60 months on the firearms-related count) (docket no. 34). In 2008, Defendant became eligible for a reduction of his sentence pursuant to Amendment 706 of the Sentencing Guidelines. Upon recalculation, Defendant's total offense level dropped from 23 to 21, resulting in a new guidelines range of 60 to 71 months. On June 3, 2008, I reduced Defendant's sentence from 94 to 87 months (docket no. 38). In so doing, I reduced the sentence on the drug conviction to 27 months, but I did not modify the firearms-related sentence, which remained at the statutorily required minimum of 60 months.

In the wake of the Fair Sentencing Act, and under Amendment 750 (Parts A and C) of the Sentencing Guidelines that followed, Defendant's total offense level is now 17 and his recalculated guideline "range" is 60 months to 60 months, which reflects the statutory minimum for his drug-related offense. Thus, while Defendant's guideline range has changed because of the Fair Sentencing Act, the lower end of that range has not. Nevertheless, Defendant believes

that he is entitled to a reduction in his sentence, and I agree.

## II. DISCUSSION

The government argues that a sentence reduction should not be granted in this case, contending that I fully considered the factors set forth in 18 U.S.C. § 3553(a) when I imposed Defendant's original sentence, when I reduced Defendant's sentence in light of the government's substantial assistance motion, and when I resentenced Defendant in 2008 pursuant to Amendment 706 of the Sentencing Guidelines. Accordingly, the government asserts that the purposes of § 3553(a) would be defeated if I were to determine a new sentence now "based off of a mechanically determined proportional shift from the updated Guidelines range." Govt.'s Obj. at 2. Therefore, the government argues that no further adjustments to Defendant's sentence are required in order to reflect the individualized assessment I have already made.

The government is correct that I fully considered the § 3553 factors when I originally sentenced Defendant. However, the government's contention that I necessarily considered these factors when I granted its substantial assistance motion and when I reduced Defendant's sentence pursuant to Amendment 706 is inaccurate and misplaced. As Defendant notes, the district court does not have to consider anything other than the defendant's assistance when determining whether, and by what amount, to reduce a sentence for substantial assistance. Fed. R. Crim. P. 35(b). Additionally, sentences reduced under 18 U.S.C. § 3582(c)(2) are controlled by amendments to the Sentencing Guidelines, and are not "resentencings." *Dillon v. United States*, 130 S. Ct. 2683, 2690–91 (2010). Therefore, I did not have to consider the § 3553(a) factors when I reduced Defendant's sentence in light of the government's Rule 35(b) motion and Amendment 706. Moreover, because no hearing was conducted on either the government's substantial assistance motion or the Defendant's motion for reduction of sentence pursuant to

Amendment 706, I fail to see how the government has gleaned that I specifically considered the § 3553(a) factors when I took up those motions. Regardless, as Defendant aptly points out, to the extent that I contemplated the § 3553(a) factors during those proceedings, one of the factors that would have been considered would have been the guideline range, which would have been "substantially harsher" than the 60-month range now applicable to Defendant. Def.'s Response at 6. Therefore, I reject the government's argument that I should not consider reducing Defendant's sentence simply because I weighed the § 3553(a) factors at one point previously.

In arguing that he should receive a sentence reduction, Defendant states that his base offense level should be 16, reflecting a drug weight of 2.8 to 5.6 grams of cocaine base. *See* U.S.S.G. § 2D1.1(c) (Supp. Nov. 1, 2010). Defendant grounds his assertion in the fact that in paragraph four of his plea agreement, he stipulated to the drug weight being five to twenty grams of cocaine base. Because, according to Defendant, "the court made no finding of actual drug weight," he should be given the benefit of the doubt and be responsible for no more than five grams of crack cocaine. Def.'s Response at 3 n.1. However, Defendant is in error, and I reject his assertion that his base offense level should be 16. In the minute entry for Defendant's original sentencing hearing, it is explicitly noted that Defendant, who was represented at the hearing by counsel, made no objections to the presentence report (docket no. 29). On page five of the original presentence report, the Probation Office used the drug weight of fourteen grams of cocaine base in calculating Defendant's base offense level. This amount—fourteen grams—is the amount that must be used for the purposes of Defendant's motion, not five grams as Defendant advocates.[3] Based on fourteen grams, Defendant's new base offense level is indeed

---

[3] It should be noted that Defendant has received, and presumably still wishes to receive, a three-point reduction in his offense level for acceptance of responsibility. Doing so requires the Defendant to accept the drug weight that has been calculated by the Probation Office and that has yet to be objected to by Defendant. The time for Defendant

20 as the Probation Office has advised. *See* U.S.S.G. § 2D1.1(c) (Supp. Nov. 1, 2010).

Although Defendant is plainly incorrect in his argument respecting the drug weight and attendant offense level, he nonetheless argues that a sentence reduction is warranted. In light of the Fair Sentencing Act, Defendant's new guideline "range" is simply 60 months; there is no actual range now because of the mandatory minimum prescribed by statute. In other words, the 60-month guideline "range" is not the range otherwise established by the current drug weight table, but is instead the statutory minimum sentence.

As Defendant notes, this outcome represents an anomaly created by the Fair Sentencing Act and the Sentencing Commission in that the changes to the guidelines have been made retroactive, but the changes to the statute have not. The Fourth Circuit has recognized that where a defendant subject to a mandatory minimum sentence received a sentence below the mandatory minimum because of a substantial assistance motion, he should not be precluded from further relief if later amendments to the Sentencing Guidelines lower the offense levels for drug offenses in spite of the mandatory minimum required by statute. *United States v. Fennell*, 592 F.3d 506, 509 (4th Cir. 2010); *see also* U.S.S.G. § 1B1.10(b)(2)(B) ("If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate.").

In the instant case, I believe a reduction is warranted. While it is true that the low end of Defendant's guideline range has not changed as a result of the Fair Sentencing Act, the "range" itself has changed in a somewhat appreciable way; indeed, it is no longer a true "range." Whereas before Defendant's guideline range was 60 to 71 months, his present "range" is simply

---

to argue over the drug weight has long since passed.

-5-

60 months. Were it not for the statutorily imposed mandatory minimum on his drug-related offense, his guideline range would in fact be lower. Taking into account Defendant's offenses, his original sentence, his substantial assistance to the government, the 2008 sentence reduction that I granted, and the purposes of the Fair Sentencing Act, I will reduce his sentence on the drug-related count from 27 to 17 months.

### III. CONCLUSION

For the reasons stated herein, I will grant Defendant's Motion for Sentencing Reduction. As reflected in the accompanying Order, his sentence is hereby reduced to 17 months to run consecutively with the 60 months still imposed for his § 924(c) conviction.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to Defendant and all counsel of record.

Entered this 12th day of October, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE